THE STATE, EX REL. THOMAS H. MORRIS ET AL., PROSE-CUTORS, v. CHARLES S. HILL, ETC., RESPONDENT.

Submitted October term, 1930—Decided January 20, 1931.

Before Justices Parker, Campbell and Bodine.

For the rule, *Henry St. C. Lavin.*

Contra, *Russell E. Watson.*

PER CURIAM.

A writ of *certiorari* was allowed, returnable at the November term of this court in 1878 to review proceedings to lay out a road known as Grove avenue in the township of Woodbridge, by surveyors of the highway. It appears that depositions were taken by rule for that purpose and the cause is said to have been submitted to this court, upon briefs, more than fifty years ago.

Since then, and until the issuance of the present rule to show cause, nothing has been done by this court or any of the parties looking to a disposition of such proceedings.

On May 27th, 1929, an ordinance was introduced by the township of Woodbridge establishing the grade and fixing the width of Grove avenue at fifty feet instead of sixty feet at which it is said to have been originally laid out. At a hearing upon said ordinance held June 10th, 1929, certain property owners objected thereto upon the ground that their lands extended beyond, the proposed street lines and they were entitled to be compensated therefor, such contention being in disregard of the proceedings to open such highway by the surveyors and which was the subject of review under the *certiorari* before referred to.

Then, and upon April 5th, 1930, the township committee of Woodbridge applied for, and obtained, the present rule to show cause why such proceedings in *certiorari* should not be dismissed for lack of prosecution.

That is the matter now before this court.

The holder of the rule asserts that it is the proper party to make the application; that the contestants against the rule are in laches and that the testimony taken under the *certiorari* proceedings will not support the contentions of the original prosecutors that the proceedings of the surveyors should be set aside.

The respondents counter these contentions by urging that they are not in laches and that no litigant can be so long as the delay is the default of the court in rendering a decision upon a matter regularly before it; and further, generally, that this court should now proceed to consider this

matter, said to have been presented to it over fifty years ago, and pronounce judgment.

This latter contention, which as an alternative relief, appears to be concurred in by the holder of the rule, seems to us to be unwarranted and preposterous. It certainly does not engender an approving response.

Upon the question of laches we conclude that all parties to the original proceeding are guilty thereof. That a matter of this kind could be permitted to lie dormant for half a century, permitted complicated property interests to arise, and shift, and still leave any of the parties guiltless of gross inactivity and laches is beyond our comprehension.

Our conclusion is that none of the parties is entitled to relief by this court, but all are to be left as they have permitted themselves to be placed, continuing to slumber, as they have, all these years.

The rule to show cause is discharged.